This trial court listened to and observed nine witnesses, and according to its judgment, considered "all of the evidence" and "credibility of all of the witnesses" in reaching its decision. What was said in *Pearson*, 367 S.W.3d at 41, also fits here:

> This Court further holds that the plaintiffs do not prevail on their claim that the trial court's judgment is against the weight of the evidence. This Court generally refuses to substitute its opinion for that of the trial court on disputed factual issues by re-weighing the evidence in a court-tried case.... The trial court made credibility assessments and weighed the evidence at trial in reaching its judgments. Because this case involves judgments for the defendants, who have no burden of proof, and because neither party requested findings of fact that would assist in appellate review, this is not a case in which this Court should substitute its judgment for that of the trial court on the evidence regarding disputed factual issues.

We reject Black River's claim that the weight of evidence compelled the trial court to find Ellington's apparent authority was proved.

Alternatively, Black River claims the trial court misapplied the law on apparent authority. "The trial court erred in applying the law to the facts," argues Black River in a complaint that misses the mark.

It is *this court* that considers apparent authority unproven, per Rule 73.01(c), after Black River elected not to obtain *the trial court's* finding. Having foregone its right to know what the trial court found, Black River forfeits that advantage in this court (*Pearson*, 367 S.W.3d at 44 n.3), where it now must overcome a rule-required adverse finding.[2]

The apparent authority "finding" we consider is the rule-driven result of Black River's trial strategy, not legal error by the trial court as Black River's point claims. "We will not convict a trial court of an error it did not commit." *Hunt v. Hunt*, 65 S.W.3d 572, 577 (Mo.App.2002).

### Conclusion

On the issue of apparent authority, Black River's points fail. We need not reach other claims or arguments. We deny all motions taken with the case and affirm the trial court's judgment.

JEFFREY W. BATES, J.—CONCURS

WILLIAM W. FRANCIS, JR., PJ/CJ—CONCURS

**Ricky L. HASKINS, Appellant,**

v.

**Jessica C. TOLL, Respondent.**

**WD 77501**

Missouri Court of Appeals,
Western District.

ORDER FILED: May 5, 2015

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 2015

Application for Transfer Denied August 18, 2015

---

2. We do not criticize this strategy, which Bank also employed. Had Black River won at trial, it would enjoy the appellate advantage.

Mark Parrish, Independence, MO, Counsel for Appellant

John Chick, Jr., Kansas City, MO, Co–Counsel for Appellant

Joshua Sanders, Independence, MO, Co–Counsel for Appellant

Dana Harris, Leawood, KS, Counsel for Respondent

Nickolas Brand, Leawood, KS, Co–Counsel for Respondent

Before Division One: James Edward Welsh, P.J., Thomas H. Newton, and Karen King Mitchell, JJ.

## ORDER

Per Curiam:

Mr. Ricky L. Haskins appeals the trial court's judgment in favor of Ms. Jessica C. Toll. For reasons stated in the memorandum provided to the parties, we affirm. Rule 84.16(b).

**Nancy GARDNER, et al., Appellants,**

v.

**BANK OF AMERICA, N.A., et al., Respondents.**

No. ED 101931

Missouri Court of Appeals, Eastern District, *DIVISION THREE*.

FILED: May 5, 2015

Motion for Rehearing and/or Transfer to Supreme Court Denied June 23, 2015

Application for Transfer Denied August 18, 2015